UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Guangzhou Yuehong Technology Co., Ltd.<br><br>*Plaintiffs*,<br><br>v.<br><br>Buffalo Games, LLC,<br><br>*Defendant*. | **CASE NO.** 1:25-cv-8460<br><br>**JURY DEMAND** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Guangzhou Yuehong Technology Co., Ltd., d/b/a TQU-US ("Plaintiff" or "TQU-US") against Buffalo Games, LLC ("Defendant"), seeking a declaratory judgment that Plaintiff's Writing Tablet for Kids products ("Writing Tablet") do not infringe Defendant's U.S. Patent No. 9,927,672 ("'672 Patent") and the '672 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 1 *et seq*., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Plaintiff's Writing Tablet has not infringed claim 24 of the '672 Patent, directly, contributorily, or vicariously, and the claim 24 of the '672 Patent is invalid.

3. This action arises from Defendant's filing of Patent infringement complaint to Amazon by using the Amazon Patent Evaluation Express ("APEX") process against Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 et seq.

5. An actual case or controversy exists between the parties to this action. Defendant initiated the APEX process against Plaintiff alleging that Plaintiff's products infringe on its '672 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

6. This Court has specific personal jurisdiction because Defendant purposefully availed itself of this forum by enforcing the '672 Patent here, including by filing suit in this District against other competitors[1]. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction here.

## THE PARTIES

**THE PLAINTIFF**

7. Plaintiff, Guangzhou Yuehong Technology Co., Ltd., d/b/a TQU-US is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in No. 383, Zhujiang East Road, Nanheng Village, Nansha Subdistrict, Nansha District, Guangzhou, Guangdong 511400, China.

---

[1] *See Buffalo Games, LLC v. SimplyTech Electronics, Inc.*, No. 1:2025-cv-04545 (case concerning enforcement of the '672 Patent against a competitor filed in this District).

8. Plaintiff owns and operates an Amazon store named "TQU-US." Plaintiff sells Writing Tablet for Kids in its Amazon store. Plaintiff's Writing Tablet Products are well-established at Amazon and Plaintiff's Amazon store has achieved an average customer rating of 4.9 out of 5 in last 12 months

**THE DEFENDANT**

9. Upon information and belief, Defendant is a New York limited liability company with a place of business at 220 James E. Casey Drive, Buffalo, 14206 New York.

10. Upon information and belief, Defendant is the owner of the '672 Patent through assignment.

11. The '672 Patent, entitled as "Multicolored pressure sensitive liquid crystal device," was filed on December 16, 2015, and issued on March 27, 2018. A true and correct copy of the '672 Patent is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

12. Over the past twenty years, online retailing has revolutionized how companies reach American consumers. Electronic marketplaces combined with dramatically increased transport speed and improved logistics networks allow even relatively small companies to compete across thousands of miles. These developments have generally increased competition and lowered prices

13. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States facing the considerable challenges of managing this sprawling hive of commercial activity. Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from liability for contributing to infringement.

Means that Amazon, Inc. provides, among others, include filing an Amazon Complaint by using its "Amazon's Report Infringement Form," and a patent infringement reporting procedure and an abbreviated, binding pseudo-arbitration known as the APEX process (sometimes referred to as Amazon Utility Patent Neutral Evaluation). If the patent owner initiates an APEX proceeding, the Seller may choose not to participate, but that refusal means Amazon will remove ("de-list") the accused product listings from the Amazon Marketplace.

14. On or about September 24, 2025, Defendant initiated an APEX process, asserting Plaintiff's Writing Tablet (Amazon Standard Identification Number ("ASIN"): B0D46FMQTJ) infringe the Claim 24 of the '672 Patent. A true and correct copy of the Amazon Patent Evaluation Express Agreement signed by Defendant is attached hereto as Exhibit B.

15. Plaintiff's Writing Tablet is highly popular on Amazon, has a 4.6 out of 5 rating, and is ranked first in Amazon's "Kids' Doodle & Scribbler Boards" category.



16. Plaintiff denies that it infringes any valid claim of the '672 Patent.

**COUNT I**
**(Declaration Judgment of Invalidity of U.S. Patent, No. 9,927,672)**

17. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

4

18. As described previously, Defendant alleges that the Plaintiff's Writing Tablet infringes the Claim 24 of the '672 Patent by initiating the APEX process via Amazon.

19. The circumstances show that there is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant concerning the validity of the '672 Patent, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

20. The Claim 24 of the '672 Patent is invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

21. The U.S. Patent No. 4,525,032 ("Cyril"), issued on June 25, 1985, discloses a liquid crystal reusable signature comparison device using cholesteric or smectic liquid crystal material in a pressure-sensitive configuration. It teaches a flexible front wall (substrate) on which a pen applies pressure to cause an observable change in the liquid crystal from grandjean/planar state to focal conic state, resulting in a reflectance change. The device includes spaced front and rear walls (substrates), with electrically conductive layers (e.g., resistive layer on front wall and bus bars) separated by the liquid crystal layer. It further discloses color variations in liquid crystal. A copy of Cyril is attached as Exhibit C.

22. The U.S. Patent No. 6,104,448 ("Doane"), issued on August 15, 2000, discloses a pressure-sensitive liquid crystalline light modulating device using chiral nematic (cholesteric) liquid crystal with positive dielectric anisotropy, dispersed in polymer domains for ruggedness. It teaches a flexible substrate on which mechanical pressure (e.g., stylus) is applied to change textures from optically clear to light-reflecting states, altering reflectance. The device includes spaced substrates, electrically conductive layers separated by the liquid crystal material, and the

liquid crystal exhibits color reflection based on chiral material. It discusses multi-stable states including colored reflecting states. A copy of Doane is attached as Exhibit D.

23. The U.S. Patent No. 8,139,039 ("Schneider"), issued on March 20, 2012, discloses a selectively erasable electronic writing tablet with stacked bistable cholesteric liquid crystal layers for multi-color imaging. It teaches a transparent flexible first substrate for pressure application (e.g., stylus), a second substrate, and electrically conductive layers separated by the cholesteric liquid crystal. The liquid crystal includes multiple layers or regions reflecting different colors (e.g., red, green, blue), with pressure causing reflectance changes from focal conic to planar states. It discloses at least first and second color regions in the cholesteric material. A copy of Schneider is attached as Exhibit E.

24. The U.S. Patent No. 8,300,183 ("Yao-Dong"), issued on October 30, 2012, discloses a single-layer high-brightness full-color reflective cholesteric display. It teaches substrates (one transparent and flexible implied for display applications), electrically conductive layers, and a cholesteric liquid crystal layer with regions reflecting different colors via varying pitch or dopant concentrations for full-spectrum color. It discusses pressure sensitivity in reflective cholesteric contexts and reflectance changes. It discloses first and second color regions in the liquid crystal layer. A copy of Yao-Dong is attached as Exhibit F.

25. The U.S. Patent Application Publication No. 2013/0314621 ("Montbach"), published on November 28, 2013 (filed May 22, 2012), discloses an electronic display with a patterned layer using cholesteric liquid crystal. It teaches a front transparent flexible substrate for pressure application, a back component (second substrate), electrically conductive layers, and a cholesteric liquid crystal active layer with patterned regions that produce color variations and

6

reflectance changes upon pressure or voltage. The patterned layer enables multi-color effects, including first and second color regions. A copy of Montbach is attached as Exhibit G.

26. The International Publication No. WO 2012/058311 ("Pishnyak"), published on May 3, 2012 (filed October 26, 2011), discloses a cholesteric liquid crystal writing tablet with spacer-controlled sensitivity. It teaches a first transparent flexible substrate for writing pressure, a second substrate, electrically conductive layers separated by a cell gap, and cholesteric liquid crystal with spacers that control flow and reflectance changes upon pressure. It discusses color reflection in cholesteric material. A copy of Pishnyak is attached as Exhibit H.

27. Based on the above analyses and the disclosures of these references, which collectively teach pressure-sensitive cholesteric liquid crystal devices with flexible substrates, conductive layers, and reflectance changes, the following are exemplary obviousness assertions under 35 U.S.C. § 103 for invalidating Claim 24. These are grounded in the knowledge of a person of ordinary skill in the art (POSITA) circa 2015, who would recognize the benefits of combining known cholesteric display elements for improved multi-color functionality in writing tablets. Motivations include enhancing visual appeal, ruggedness, and user experience in low-power reflective displays, with a reasonable expectation of success given the interchangeable nature of cholesteric materials and pressure/voltage responses in the art.

28. For example, Claim 24 would have been obvious over Cyril in view of Schneider. Cyril teaches the core pressure-sensitive cholesteric device with flexible substrates, conductive layers, and reflectance changes upon pressure, including color variations. Schneider teaches stacking or regionalizing cholesteric layers to achieve first and second color regions reflecting different colors for multi-color writing tablets. A POSITA would have been motivated to incorporate Schneider's multi-color regions into Cyril's device to enable colorful annotations in

signature verification applications, improving distinguishability and aesthetics, as both references address bistable cholesteric displays. There would be a reasonable expectation of success, as substituting known color-variant cholesteric materials requires only routine optimization of chiral dopants, without unpredictable results.

29. For example, Claim 24 would also have been obvious over Doane in view of Yao-Dong. Doane teaches a pressure-sensitive cholesteric device with polymer-dispersed liquid crystal for reflectance changes, including flexible substrates, conductive layers, and colored reflecting states. Yao-Dong teaches a single-layer cholesteric display with regions reflecting different colors via pitch variation for full-color reflection. A POSITA would have been motivated to modify Doane's liquid crystal layer with Yao-Dong's color regions to achieve high-brightness multi-color effects in a pressure-responsive tablet, enhancing display versatility for applications like e-writers, as both focus on reflective cholesteric technologies. Success would be reasonably expected, as integrating color gradients involves standard chiral material adjustments, predictable in polymer-stabilized systems.

30. Thus, among the other basis, Claim 24 of the '672 Patent is rendered obvious and/or anticipated by prior arts as listed above pursuant to the 35 U.S.C. §§ 102 and/or 103.

31. Therefore, Plaintiffs seek a declaratory judgment that Claim 24 of the '672 Patent is invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112.

## COUNT II
**(Declaration Judgment of Non-infringement of U.S. Patent, No. 9,927,672)**

32. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

33. As described previously, Defendant alleges that the Plaintiff's Writing Tablet infringes the Claim 24 of the '672 Patent by initiating the APEX process via Amazon.

34. The circumstances show that there is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. For the reasons set forth above, Claim 24 of the '672 Patent is invalid, and Plaintiff's Writing Tablet therefore cannot infringe it. Alternatively, even assuming validity arguendo, Plaintiff's Writing Tablet does not infringe because it lacks one or more elements required by Claim 24 of the '672 Patent.

36. Defendant's APEX process has caused imminent and real threat of an infringement lawsuit.

37. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that Plaintiff's Writing Tablet does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '672 Patent. Plaintiff is also entitled to recover damages caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims.

2. Declaring that Plaintiff's Writing Tablet does not infringe Defendant's '672 Patent.

3. Declaring that the Claim 24 of the '672 Patent is invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112

4. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

5. Order by this Court that Defendant must immediately revoke any complaints or APEX process of infringement of the '672 Patent made to Amazon against Plaintiff with respect to Plaintiff's Writing Tablet.

6. Preliminarily and permanently enjoin Defendant, its successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce '672 Patent against Plaintiff, or any parents, affiliates, or subsidiaries of Plaintiff, as well as its respective officers, agents, employees, successors, and assigns.

7. Ordering Defendant to return to the Court with proof of compliance with this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

8. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

9. Awarding pre- and post- judgment interest.

10. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Date: October 14, 2025

/s/ Wei Wang
Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
Wei.wang@glacier.law
*Attorney for Plaintiff*